523 P.2d 493

**STATE of Arizona, Appellee,**

v.

**Jewell Jess STONE, Appellant.**

**No. 2489.**

Supreme Court of Arizona, En Banc.

June 14, 1974.

Rehearing Denied July 16, 1974.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III and Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Former Deputy Public Defender and John Foreman, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Pursuant to plea bargain negotiations, the defendant, Jewell Jess Stone, entered a plea of guilty to the crime of child molesting committed on or about April 20, 1971, in violation of A.R.S. § 13–653. The state filed a motion for an aggravation hearing. The hearing was held and consisted solely of arguments made by attorneys for the state and the defendant. The defendant was not present. At the time of sentencing, defendant made a motion to withdraw his plea of guilty pursuant to Rule 188, 1956 Arizona Rules of Criminal Procedure, 17 A.R.S. The reason given for the motion to withdraw the guilty plea was that the state had agreed that all further proceedings against defendant would be obviated and that only the plea of guilty and the court's pronouncement of sentence would follow. The motion was also based on remarks made by the prosecuting attorney at the aggravation hearing. The motion was denied and defendant was sentenced for a term of not less than 75 years nor more than 80 years. An appeal was perfected.

Thereafter, a motion was filed in this court to suspend the appeal for the purpose of filing a motion to vacate the guilty plea and present evidence of the existence of the plea bargain. Defendant contended that the record on appeal did not show the terms of the plea bargain agreement, which he contended had been breached. We granted the motion and remanded to the Superior Court so that defendant could file his motion. The Superior Court, after an extensive hearing, found the guilty plea was entered voluntarily and there was no

breach. The motion to vacate the judgment was denied.

Defendant raises the following questions on appeal:

1. Did the state fail to keep its part of the plea agreement?

2. Was the sentence excessive?

3. Should the judgment be vacated because the defendant was not present at the aggravation hearing?

The state is bound by a plea bargain which induces a guilty plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), State v. Richard, 109 Ariz. 65, 505 P.2d 236 (1973). However, the burden of showing a breach of a plea bargain agreement is upon the defendant. State v. Richard, *supra*.

The record reveals that a plea bargain was entered into. A charge of lewd and lascivious acts in violation of A.R.S. § 13–652 was changed to child molesting. In addition, other serious charges against the defendant were either dismissed or agreed not to be filed.

At the time defendant was sentenced, a motion was made to withdraw the plea of guilty. Such motion was based on remarks the County Attorney had made at an aggravation hearing. As further grounds for withdrawal, it was alleged that the state had broken its plea bargain agreement by requesting an aggravation hearing. The record indicates that the trial judge rejected the remarks made by the County Attorney and did not consider them in determining the sentence to be imposed. Previous to the hearing, the judge had before him everything presented by the state in argument. As to the aggravation hearing, the defendant failed to establish that the state had agreed not to request such a hearing. In addition, defendant's counsel made no objection to the hearing and in fact participated in it.

Defendant further contends that he had been led to believe he would receive a sentence of from three to five years. This contention was not made at the time of sentencing, when defendant moved to withdraw his plea, but was made two years later at the hearing held after remand by this court. The state denied such allegation and the defendant's counsel testified that the state had never agreed to recommend such a sentence. We find that the defendant has failed in his burden of proof.

The facts in this case do not bring the defendant within Santobello v. New York, *supra*. We find no valid basis for holding that the plea bargain was breached. Nor do we find anything in the record that would show that the trial court abused its discretion in denying the motion to set aside the guilty plea. State v. Defoy, 109 Ariz. 159, 506 P.2d 1053 (1973).

Defendant next contends that the sentence was excessive. The sentence was within the statutory limits and we have stated many times that the trial court's sentence will be respected in the absence of any showing of an abuse of discretion. Our examination of the record on appeal, including the presentencing report, and the circumstances of this case do not reflect such an abuse of discretion. The description of multiple sex offenses engaged in by defendant as reflected in the presentencing report prompted the court to place such report under seal.

Defendant's final argument is that he was improperly sentenced because the aggravation hearing was held without his knowledge or presence. A defendant has a right to be present when his sentence is imposed. State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970). Defendant argues it logically follows that he has a right to be present at an aggravation hearing. We find no merit in this contention. Rules 231 through 235, 1956 Arizona Rules of Criminal Procedure, 17 A.R.S. set forth proceedings at which the presence of defendant is required. An aggravation hearing is not included as one of such proceedings. In addition, the record reflects that notice of the aggravation hearing was given to defendant's counsel who was present and took part in the hearing. The record fur-

ther shows that the hearing was discussed with defendant by his counsel and defendant consented to have the hearing proceed. The defendant's attorney did not object to the hearing's being held without the defendant's presence and no evidence was presented. The trial court indicated that there was nothing presented at the hearing that was not covered in the presentence investigation report and that the hearing had no influence on the court. We find that the defendant was not prejudiced by not being present at the aggravation hearing. Mere irregularity which does not affect substantial rights of defendant is not grounds for setting a sentence aside. State v. Davis, *supra*.

Judgment and sentence affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.