542 P.2d 33

**The STATE of Arizona, Appellee,**

v.

**Terry Eugene GOFF, Appellant.**

**No. 1 CA–CR 1156.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 12, 1975.

Rehearing Denied Dec. 18, 1975.

Review Denied Jan. 20, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Presiding Judge, Department A.

The appellant/defendant Terry Eugene Goff was tried and convicted by a jury of the crime of attempted robbery. The defendant was sentenced to a term of two and one-half to seven years in prison and now brings this appeal from that judgment and sentence.

The defendant asserts that the trial court committed reversible error as follows:

1. The court denied defendant's motion for a continuance requested to enable defendant to obtain the reporter's transcript of the preliminary hearing.

2. The court failed to suppress certain statements made by the defendant to Detective Johnson.

## THE TRANSCRIPT QUESTION

Rule 5.6, Arizona Rules of Criminal Procedure, 17 ARS, requires that "the reporter shall file the transcript in the Superior Court no later than 20 days after the completion of the [preliminary] hearing." The court reporter failed to comply with this rule and the defendant was forced to go to trial without the benefit of the transcript of the preliminary hearing.

The record discloses that on the day set for trial the court, at the request of the defendant, conducted a hearing on defendant's motion to suppress the testimony of Detective Craig C. Johnson. At the conclusion of that hearing the court denied the motion to suppress and the defendant then moved for a continuance until such time as the reporter's transcript of the preliminary hearing had been filed. The court, after noting there had been three prior continuances granted at the request of the defendant, denied the motion as untimely and proceeded with the jury trial.

The defendant asserts that to force him to trial without the transcript of the preliminary hearing violates his constitutional rights by denying him equal protection and due process of law. It should be noted that the defendant claims no prejudice as a result of not having the transcript of the preliminary hearing available at trial. The two witnesses present at the preliminary hearing were also present and testified at trial. There is no allegation that the witnesses changed their testimony or that there was ever any need to use the transcript for impeachment or any other purpose at the actual trial.

The court reporter clearly failed to timely file the transcript as required by Rule 5.6, supra; however, under the facts of this case such error was harmless and does not require a reversal. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967); *State v. Stone,* 111 Ariz. 62, 523 P.2d 493 (1974); *State v. Mendiola,* 23 Ariz.App. 251, 532 P.2d 193 (1975); affirmed Ariz., 540 P.2d 131 (filed September 25, 1975).

## WERE DEFENDANT'S STATEMENTS PROPERLY ADMITTED INTO EVIDENCE?

At defendant's trial Detective Craig C. Johnson of the Avondale Police Department testified that he questioned the defendant as he lay on the floor of Jack's Bar approximately 15 minutes after the defendant had been shot in a robbery attempt at the bar. At the trial Detective Johnson gave the following account of the statements made by the defendant at that time:

\*     \*     \*     \*     \*     \*

"Q. What did you ask him?

A. I showed him the small caliber revolver and asked him if that was his gun. He stated that it was his. I asked him what had happened and he said that he came into the bar, pointed a gun at the bartender, asked the bartender for the cash from the cash register, and then he hesitated a moment and stated 'But I was only joking.' At that time the ambulance attendants arrived on the scene and naturally I released him directly to them so they could transport him to the hospital."

Defendant claims that this testimony should not have come into evidence and the trial court erred when defendant's motion to suppress was made at the pretrial voluntariness hearing. It is defendant's position that because of his bullet wound his statement was not free and voluntary in that his physical condition prevented him from making a knowing, voluntary and intelligent waiver of his right to counsel and his privilege against self-incrimination.

Both parties agree that in deciding if the defendant's statements made to Detective Johnson were properly admitted into evidence the "totality of circumstances" surrounding the interrogation must be considered. This consideration must be given to determine whether defendant's abilities to reason, comprehend or resist were so disabled that he was unable to make a free and rational choice. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Fikes v. Alabama,* 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957); *Reddish v. State,* 167 So.2d 858 (Fla.1964).

In *State v. Clark,* 102 Ariz. 550, 434 P.2d 636 (1967), our Supreme Court had to determine if a statement made by a defendant was made inadmissible because of his intoxicated condition. The Court, after looking at all the circumstances, found the defendant had sufficient mental capacity to understand what he was saying and held the statement to be voluntary and admissible into evidence.

In the case before us the trial court, at the conclusion of the voluntariness hearing, found the statements of the defendant to be free, voluntary and admissible into evidence. We agree with this finding.

Detective Johnson arrived at the scene shortly after the defendant had been shot in the abdomen by the bartender in the ill-fated robbery attempt. The officer secured first aid attention for the defendant and after he was bandaged and the bleeding had stopped the officer was informed by the first aid medic that the defendant was not in shock. The officer then advised the defendant of his constitutional rights by reading the Miranda warning. The defendant responded that he understood his rights and that he did not want an attorney present. The officer then asked the defendant "What happened?" and defendant at that time made the challenged statements.

The testimony presented to the court indicated the defendant was alert, coherent and fully understood his constitutional rights. From the totality of the circumstances surrounding the interrogation we believe the trial court was correct in ruling that the statements of the defendant were free and voluntary and that there was no violation of the defendant's constitutional rights.

The judgment and sentenced are affirmed.

DONOFRIO and FROEB, JJ., concur.