556 P.2d 1159
**STATE of Arizona, Appellee,**
v.
**Michael Daniel TORRES, Appellant.**
**No. I CA–CR I404.**

Court of Appeals of Arizona,
Division 1.

Sept. 16, 1976.

Rehearing Denied Oct. 26, 1976.

Petition for Review Denied Nov. 30, 1976.

Donald W. Harris, Maricopa County Atty., by Thomas C. Simon, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was found guilty by a jury of aggravated battery and child molesting and was sentenced to imprisonment in the state prison for a term of not less than four nor more than five years on the aggravated battery conviction and not less than 85 nor more than 95 years on the child molesting conviction which was to commence at the completion of the sentence for aggravated battery. Appellant's contentions are:

"1. It was error for the trial court to deny appellant's motion for continuance, and, in the alternative, for a mistrial, when an alleged inculpatory statement by appellant had not been disclosed to appellant prior to trial.

2. The trial court erred by admitting into evidence prior bad acts of appellant, which were not sustained by a felony conviction.

3. Appellant's convictions of aggravated battery and child molesting are in violation of A.R.S. Sec. 13–1641, which prohibits double punishment.

4. There was insufficient evidence adduced at trial to sustain the jury verdict, finding appellant guilty of aggravated battery and child molesting.

5. Appellant's sentences were excessive, and constituted an abuse of discretion."

## I

Appellant contends the trial court erred by failing to grant his motion for a mistrial or for a continuance when the prosecutor revealed "surprise" testimony of a prosecution witness. It appears that on the second day of trial, the victim's mother disclosed to the prosecutor during the afternoon recess an inculpatory statement made to her by appellant when she visited him in jail. According to the witness, who was appellant's wife, she asked appellant, "Why did you do this to my baby?" to which appellant responded, "I don't know. I'm sorry. I hope you will forgive me." Appellant concedes that the trial court has broad discretion in the matter of granting the party relief for a violation of discovery rules. *State v. Fenton,* 21 Ariz.App. 193, 517 P.2d 1086 (1974). His position in the trial court, and on appeal, is that pursuant to Rule 15.7, Rules of Criminal Procedure, the court should have granted either a continuance or a mistrial. The Rule 15.7 sanctions, however, are utilized when a party has failed to comply with the rules relative to discovery. Such is not the case here.

Mrs. Torres did not speak English and conversatons with her require an interpreter. Appellant argues that it is incumbent upon the prosecutor to "effectively interview" prospective state witnesses well in advance of trial so as to be able to make available to the defense Rule 15.-1(a)(1) and (2) disclosures. The trial court concluded, and properly so, that the prosecutor had complied with the requirements of Rule 15.6 as to continuing disclosure. The court did allow a continuance, as requested by appellant, until the following morning to afford him an opportunity to prepare to rebut Mrs. Torres' testimony. Appellant sought an additional continuance of the trial so that he could procure the attendance of an individual named Jaime who was in Mexico. Jaime's testimony, however, would relate only to whether Mrs. Torres went to the jail at appellant's re-

quest via Jaime or whether she importuned Jaime to take her there. Jaime was not present when the conversation between appellant and Mrs. Torres took place. We find no abuse of the trial court's discretion in refusing to grant a continuance to obtain the testimony of an impeaching witness, *State v. Cotton*, 103 Ariz. 408, 443 P. 2d 404 (1968), nor in denying appellant's motion for a mistrial since Jaime's testimony pertained only to a collateral matter and did not contradict the material fact testified to by Mrs. Torres. Appellant has not demonstrated to us that declaration of a mistrial was necessary to prevent a miscarriage of justice.

## II

Appellant contends that it was error to allow Mrs. Torres to testify, over objection, that appellant on one occasion had almost choked her to death and on another had thrown a jar at her. Appellant's position is that these specific acts of misconduct, not amounting to felony convictions, were not admissible.

Mrs. Torres testified that she had told a social worker at the hospital where the victim was taken the same story that appellant had told the social worker as to the circumstances of the victim's injuries because her husband looked at her "in a threatening manner" and she "had to support him." In other words, Mrs. Torres admitted to having lied in order to corroborate her husband's story. Thus we see that appellant's prior misconduct explained Mrs. Torres' fear of him which caused her to tell a false story. Under these circumstances, where the prior misconduct had independent relevancy for some purpose other than showing a probability that appellant committed the crime for which he was being tried, it was properly admitted. Udall, Arizona Law of Evidence, Sec. 115.

## III

Appellant contends that A.R.S. Sec. 13–1641 prohibiting double punishment

for the same act was violated. The "identical elements" test is the basis for determining the number of "acts" which may be punishable under A.R.S. Sec. 13–1641. *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971). The elements of aggravated battery are an unlawful use of force or violence upon a child fifteen years or younger committed by a person of eighteen years or more. A.R.S. Secs. 13–241(B) and 13–245(A)(3). Child molesting on the other hand, consists of fondling, playing with, or touching the private parts of a child under the age of fifteen years. A.R.S. Sec. 13–653. The evidence established that the victim, appellant's two and a half year-old step-daughter, suffered facial injuries and vaginal injury. Thus we see that the two crimes do not have identical components. Therefore, in applying our "identical elements test" to the facts presented, the elements found in child molesting are not the same as those needed to prove aggravated assault. There was an injury to the child's vagina, an act within the purview of the child molesting statute, whereas the facial injuries were the result of an aggravated battery. We hold that the statutory prohibition against double punishment does not apply here because appellant's conduct involved more than one act.

## IV

Appellant attacks the sufficiency of the evidence to support his convictions for both child molesting and aggravated battery. The scope of our review is limited—we need determine only whether there is substantial evidence in support of the verdict and conflicting testimony does not render evidence insubstantial. *State v. Bearden*, 99 Ariz. 1, 405 P.2d 885 (1965). No useful purpose would be served by a detailed recitation of the evidence presented. It establishes that the child was in good condition when her mother left appellant alone with the child at home. Two hours later, appellant arrived at the laundromat to pick up his wife, looking "very pale". Upon arriving home, the child was

found in her crib bleeding profusely from the vagina. Mrs. Torres asked appellant what happened to which he responded "I only kicked her." They took the child to the hospital and appellant explained to a medical social worker that the child fell off a bicycle, when in fact she did not have a bicycle. Initially Mrs. Torres corroborated appellant's story but subsequently, when informed that her daughter had been raped, she admitted that she had lied and recounted the events which had occurred.

Appellant initially told his bicycle story to the police officers and then told them that he had kicked the child from the backside in the vaginal area and she began bleeding heavily and crying. According to him, the screaming upset him and when the child urinated in her pants he threatened that if she did so again he would stuff her with toilet paper. When the police officers examined appellant's undershorts, there were blood stains on the inside front panel. Furthermore, as noted above, appellant admitted to Mrs. Torres while he was in jail that he had raped the child and asked for her forgiveness.

Appellant testified in his behalf and said that upon returning from the laundromat, he told his wife he was going to Nogales. They argued and he left for a friend's house. When he returned, his wife told him that the child had hurt herself by falling off her bicycle. He denied ever having stated that he kicked the child or that he stuffed toilet paper in her vagina. He also denied telling the social worker that he was working on his car when the child fell off her bicycle and denied telling his wife to go to the laundromat so he could stay home with the child.

■ Appellant's attack on the sufficiency of the evidence to support the child molesting conviction is without merit. Equally without merit is his attack on the aggravated battery conviction. He claims that the record does not reflect that the victim suffered "serious bodily injury" as a result of being slapped on the face by appellant. There was evidence of swelling and discoloration on the child's face which supports the finding that appellant committed a battery upon the child, and since appellant was more than eighteen years of age and the child was only two and a half years old, it was aggravated.

## V

■ Appellant's final contention is that his sentences were excessive, and that no useful purpose would be achieved by the lengthy incarceration. Our Supreme Court has recognized that child molesting requires the sternest of measures. *State v. Phillips*, 102 Ariz. 377, 381, 430 P.2d 139 (1967). In *State v. Stone*, 111 Ariz. 62, 523 P.2d 493 (1974) a sentence of seventy-five to eighty years for child molesting was upheld and in *State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973), a sentence of seventy-five years to life was upheld. The transcript and sentencing reflects that the sentencing judge agonized over the sentence and concluded that the most important consideration was the protection of society. We find no abuse of discretion.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).