570 P.2d 772

**The STATE of Arizona, Appellee,**

v.

**John Ernest SCHLAEFLI, Appellant.**

No. 3298.

Supreme Court of Arizona,
En Banc.

Oct. 18, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Richard R. Schmal, Phoenix, for appellant.

HAYS, Justice.

John Ernest Schlaefli, hereinafter appellant, has appealed from his conviction of first degree rape and the sentence thereon of not less than twenty years nor more than life. We have jurisdiction pursuant to A.R.S. § 12–120.21(A)(1) and § 13–1711.

Appellant was convicted of the offense by a jury after they heard the following facts.

Appellant, the victim, and three of the victim's friends spent the evening of March 24, 1975 riding around in a vehicle belonging to one of those friends. During the course of the evening, all of them consumed differing quantities of beer, wine and marijuana. Additionally, appellant and two of the victim's friends ingested some pills, probably depressants.

When the car they were riding around in broke down, appellant hitched a ride to his home, returned and picked up the group in his car. Eventually two of them, Mike Miller and Sherry Green, returned to the stalled vehicle. Appellant agreed to drive one of the other women, Julie Escobedo, home; the victim went with Julie and appellant. Julie drove because appellant appeared to be so intoxicated as to be unable to drive.

After dropping Julie off, the victim began driving, for the same reason. She became lost, after missing the appropriate turn to go back to where the first vehicle remained, still disabled. Appellant began directing her, and they eventually ended up on a dead-end street. Because she was having difficulty getting the car turned around, appellant took over the driving. He drove into a nearby field, parked and proceeded to forcibly rape the victim, during the course of which she received multiple bruises and ripped clothing. She managed, however, to bite appellant severely enough on his chin to cause considerable bleeding and, later, a small scar. After she bit him, she testified, appellant began to choke her and threaten her life. At this point, fearing for her life, she stopped struggling.

After completing the rape, appellant began driving again. When the victim saw a parked police vehicle shortly thereafter, she jumped from appellant's car and ran to the two policemen, Officers Hogan and Avila. Appellant did not flee but in fact drove up

behind the parked police car and got out. After some investigative questions, appellant was read his *Miranda*[1] warnings and arrested. His only statements were that he had, indeed, had intercourse with the victim, but that it had been an "easy piece" and that there was "no struggle or force" used. When asked about the cut on his chin, his answer was something to the effect that "that dumb bitch" had bitten him.

At the preliminary hearing, appellant was represented by Deputy Public Defender, Steven Rempe, who had the opportunity to, and did, thoroughly cross-examine the victim. Thereafter, and in a timely fashion, Rempe made a rule 11 motion[2] to determine appellant's mental competency. He was found competent to stand trial. On the morning of the trial, a suppression motion made by Rempe was heard but the trial court refused to suppress appellant's remarks to the police. Rempe was also defense counsel at trial.

Alleged by appellant are these errors:

(1) that he was denied effective assistance of counsel;

(2) that the late filing of the preliminary hearing transcript prejudiced him;

(3) that witness misconduct amounted to reversible error;

(4) and that compelling him to stand trial in prison clothing denied him a fair trial.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant asserts a number of different reasons why his defense counsel was ineffective, including insufficient pretrial investigation, lack of trial preparation and failure to use the preliminary hearing transcript to impeach the victim.

█ Fortunately, we have available to us the transcript of a proceeding held pursuant to a post-conviction relief motion, at which trial counsel Rempe testified. It is clear to us, from the testimony elicited at that pro-

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. 17 A.R.S. Rules of Criminal Procedure, rule 11.

ceeding and from the actual pretrial, trial and post-trial proceeding that Rempe's investigation and preparation were more than adequate to meet our minimum standard for effective assistance of counsel: reducing the criminal proceeding to a sham or farce. *State v. Wilcynski,* 111 Ariz. 533, 534 P.2d 738 (1975), *cert. denied,* 423 U.S. 873, 96 S.Ct. 141, 46 L.Ed.2d 104 (1975). Rempe had previously tried forty or fifty felonies before juries, three of which were alleged rapes.[3] He interviewed one of the other women present during part of the evening in question, and called, as a witness, appellant's landlady, as appellant requested. His failure to use the preliminary hearing transcript was clearly a trial tactic. In this case, Rempe felt the inconsistencies in the victim's testimony were irrelevant and an attack on her on such matters would alienate the jury.[4]

"[T]actical decisions at trial, even if incorrect, will not support a claim of ineffective assistance of counsel." *State v. Watson,* 114 Ariz. 1, 14, 559 P.2d 121, 134 (1976).

After conviction, Rempe participated in appellant's mitigation hearing, which Rempe requested, and was successful in getting appellant sentenced to the Arizona State Hospital instead of the Arizona State Prison.

This criminal proceeding was clearly not a sham or farce and appellant's allegations that it was must fail. We further reject appellant's request that we reconsider our standard for determining ineffective assistance of counsel.

## LATE FILING OF TRANSCRIPT

Another error alleged to be reversible was the failure of the court reporter at the preliminary hearing to file the transcript of that proceeding until the morning of the trial, in violation of 17 A.R.S. Rules of Criminal Procedure, rule 5.6.

■ Since the preliminary hearing was held May 1, 1975 and the trial began on June 25, 1975, it is apparent rule 5.6 was violated. Mere violation of the rule, however, does not mean automatic reversal. Some prejudice must be shown. *State v. Goff,* 25 Ariz.App. 195, 542 P.2d 33 (1975).

Again, the allegation is that without the transcript, appellant's attorney could not adequately prepare for trial or cross-examine the rape victim. However, it is again apparent from the post-conviction hearing testimony that this was not the case. Rempe testified that it was his practice to take "copious notes" at the preliminary hearing. He further testified that he had sufficient time before the trial actually started that morning to read the transcript, and felt any discrepancies between the victim's testimony therein and during the trial were irrelevant and not useful for impeachment purposes.

Obviously no prejudice inured to the appellant from the failure to timely file the preliminary hearing transcript, so we will not reverse on that basis.

## WITNESS MISCONDUCT

During cross-examination, Officer Hogan admitted that he and Officer Avila had re-read the report Officer Hogan had written about the incident and had discussed the facts in the report, after they were aware that all witnesses had been placed under "the rule" pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 9.3(a). That rule reads:

"a. *Witnesses.* Prior to or during any proceeding the court may, and at the request of either party shall, exclude prospective witnesses from the courtroom *and direct them not to communicate with each other until all have testified.*" (Emphasis added).

We repeat: mere violation of a rule does not result in automatic reversal. We have specifically said,

---

3. Rempe's record for those trials, as he remembered it, was one conviction, one acquittal and one hung jury.

4. Rempe did attempt, at trial, to impeach the victim on other matters, which, apparently, he felt were important.

**4**

"[t]he violation of the order of exclusion does not in itself make the witness incompetent to testify." *State v. Sowards,* 99 Ariz. 22, 26, 406 P.2d 202, 204 (1965). We indicated in that opinion that the admission of testimony after a witness has violated the rule is a matter of discretion with the trial judge. Absent an abuse of that discretion and subsequent prejudice to the defendant, we will not reverse on appeal. *State v. Sowards, supra.*

■ We are of the opinion that the trial court here did not abuse its discretion in failing to declare a mistrial or strike the two officers' testimony, as defense counsel requested. The officers' testimony was not identical; they in fact testified differently about appellant's remarks regarding the bite on the chin. Also, defense counsel thoroughly cross-examined both witnesses and pointed out and emphasized to the jury in final argument that two experienced police officers, who knew better, violated the rule.

■ The violation of the exclusionary rule may subject a witness to punishment by contempt, and will, as defense counsel ably argued, affect his credibility. *Rainsberger v. State,* 76 Nev. 158, 350 P.2d 995 (1960), but it does not, in most cases, make him completely incompetent to testify.[5]

## STANDING TRIAL IN PRISON CLOTHING

■ Although appellant alleges that he was compelled to stand trial in prison clothing, the record before us contains no indication whatsoever of what appellant did or did not wear, and no objection by counsel.

"[A]lthough the state cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection . . . is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams,* 425 U.S. 501, 512, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126 (1976).

Judgment of conviction and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

5. *But see Keys v. State of Arizona,* 55 Ariz. 24, 97 P.2d 736 (1940), where the violation was so serious that it prevented a fair trial.