698 P.2d 1291

**STATE of Arizona, Appellee,**

v.

**Joseph Edward ROBERTS, Appellant.**

**No. 1 CA–CR 6698.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 19, 1985.

Review Denied April 30, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

Appellant, Joseph Edward Roberts (defendant), was convicted of the crime of assault with a deadly weapon on February 28, 1980 following trial by jury. Defendant, who had been released on bond, failed to appear at a hearing to decide whether he should be remanded into custody. He also failed to appear on the date originally set for sentencing. He was later apprehended and brought before the court for sentencing on November 12, 1982, while serving a prison sentence in California.

574

Appellant was charged and convicted of this offense.

On appeal, defendant argues:

(1) He was denied effective assistance of counsel.

(2) The trial court erred in allowing witness Jeff Martin to testify that he had offered to take a polygraph examination.

(3) The trial court erred in denying defendant's motion for a mistrial when witness Jeff Martin testified that he was afraid of defendant because defendant had a "bad temper."

(4) The trial court erred in denying defendant's motion for a directed verdict.

## EFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was denied effective assistance of counsel by his attorney's failure to participate in the aggravation hearing conducted on April 28, 1980.

At the time initially set for sentencing, March 28, 1980, defense counsel advised the court that he had notified defendant that sentencing would occur on March 28, 1980, and that it could proceed in his absence. Nevertheless, defendant fled and was not arrested and brought back for sentencing until November, 1982. During that time, he was convicted of several burglary offenses and sentenced to six years' imprisonment in California. Counsel also requested a continuance in order to allow him to contact defendant. At the March 28, 1980 hearing, the state was prepared to present aggravation testimony through witnesses it had subpoenaed. The court granted the continuance, and set the date for the aggravation hearing at the time of sentencing, April 28, 1980.

On April 28, 1980, defense counsel, William H. Feldhacker, advised the court that he had not had any contact with defendant, and that in accordance with *State v. Stone*, 111 Ariz. 62, 523 P.2d 493 (1974) he would not participate in the aggravation hearing.

The state requested to proceed with the aggravation hearing after advising the trial judge that no one knew when the defend-

ant would be arrested and that the court or a future court should have the benefit of a record when "these witnesses whose memories are still relatively fresh concerning the events" were available. Although defense counsel argued that he had no notice regarding the state's proposed witnesses, it is clear that he was on notice at least a month before the hearing that the state would produce witnesses at the time of sentencing. Thereafter, the state called several witnesses who testified regarding defendant's threatening them with guns and providing shelter for 14 to 16-year-old runaway girls at his house.

■ Refusal to participate at the aggravation hearing was unquestionably inappropriate conduct. *Cf. State v. Cruz*, 137 Ariz. 541, 549, 672 P.2d 470, 478 (1983). Counsel's reliance on *State v. Stone*, to support his refusal to participate in the aggravation hearing was clearly misplaced. In that case, defense counsel participated in an aggravation hearing when defendant failed to appear.

Rule 26.9, Arizona Rules of Criminal Procedure, provides that a "defendant is entitled to be present at a presentence hearing and *shall* be present at sentencing." (Emphasis added) Although a defendant is entitled to be present at the aggravation hearing when, as in this case, he has voluntarily absented himself after notice, his conduct cannot be permitted to prevent an aggravation hearing from proceeding. We approve the trial judge's decision permitting the aggravation hearing to proceed in order to memorialize the witnesses' testimony for a future sentencing hearing. We note the trial judge properly delayed sentencing in this case until the defendant was apprehended. *State v. Fettis*, 136 Ariz. 58, 664 P.2d 208 (1983).

In *State v. Perkins*, 141 Ariz. 278, 295, 686 P.2d 1248, 1265 (1984), the court held that a defendant is denied effective assistance of counsel at sentencing when counsel's role is no more significant than that of a neutral observer. However, we think the facts of that case are distinguishable from those presented in this case.

Here, when defendant was brought back for sentencing in November, 1982, he had the opportunity of discussing this case with court-appointed counsel, the probation officer, and the sentencing judge prior to the imposition of sentence. In fact, the record reflects a request by the adult probation officer for a continuance for the filing of the probation report in order to allow defendant an opportunity to obtain letters of reference and discuss this case with his attorney. Furthermore, minute entries reflecting the attendance of the witnesses at the aggravation hearing were available to counsel. No request to subpoena those witnesses was made, no objection to their testimony was entered nor was any claim made that the testimony was in any way inaccurate, untruthful, or unduly prejudicial to the defendant.

Defendant was represented by counsel at sentencing and the trial judge was provided a lengthy and thorough presentence report relating to defendant. The testimony, preserved at the aggravation hearing, provided little, if any, additional damaging information regarding defendant. His extensive and pervasive criminal history over a period of almost eighteen years was well documented. Counsel's failure to represent the defendant at the aggravation hearing, on this record, was not prejudicial. Therefore, defendant's claim of ineffective assistance of counsel must fail. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985).

Defendant also argues that he was denied effective assistance of counsel in this case because counsel failed to request a *Dessureault* hearing prior to trial.[1] Defendant argues that the facts of this case definitely raised the issue of the suggestiveness of the identification. He notes that the victim of the assault had misidentified Jeff Martin as his assailant in a photo and live lineup.

██ This case presented an unusual identification problem for the prosecution. The victim originally identified, rather consistently, a friend of defendant's, Jeff Mar-

tin, as his assailant. It is not ineffective assistance of counsel for an attorney to decide not to bring a motion to challenge an identification when he decides that trial strategy dictates a rigorous cross-examination of the witness in an attempt to discredit his story, rather than attempting to suppress his testimony altogether. *State v. Oppenheimer*, 138 Ariz. 120, 124, 673 P.2d 318, 322 (1983).

## TESTIMONY REGARDING WILLINGNESS TO TAKE A POLYGRAPH EXAMINATION

Defendant's counsel, during trial, moved *in limine* to preclude the state's witness, Jeff Martin, from referring to his offer to take a lie detector test. Although the motion was initially granted, defense counsel later questioned Martin about his reaction to having been identified in the live lineup by the victim. Martin answered, "I don't remember." The prosecutor argued that Martin's response was the result of being advised by him that he should not indicate in any way that he had been willing to take a polygraph examination. The trial judge then permitted Martin to testify that he, "couldn't believe it", and offered to take a lie-detector test. The defense counsel knew before he asked the question that this had been Martin's actual reaction.

██ The state argues that defense counsel "opened-the-door" to this testimony by asking a question which would have elicited Martin's offer to take the polygraph if he had answered the question truthfully. We agree. We recognize that when an attorney "opens the door" to otherwise irrelevant evidence, another party may comment or respond with comments on the same subject, in the trial court's discretion. *Pool v. Superior Court*, 139 Ariz. 98, 103, 677 P.2d 261, 266 (1984); *State v. Bowen*, 104 Ariz. 138, 141, 449 P.2d 603, 606 (1969), *cert. denied*, 396 U.S. 912, 90 S.Ct. 229, 24 L.Ed.2d 188 (1969) (although the state argued defense counsel

---

1. *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), *cert. denied*, 397 U.S. 965, 90 S.Ct.

1000, 25 L.Ed.2d 257 (1970), which deals with suggestive pretrial identification procedure.

**576**

had opened the door to questions regarding polygraph examinations, the court found the reference to polygraphs not prejudicial on other grounds). Furthermore, whenever part of a conversation is given in evidence by one party, the other may offer the whole conversation. *State v. Powers*, 117 Ariz. 220, 571 P.2d 1016 (1977).

 Under the facts of this case, where the offer to take a polygraph examination was elicited through defense counsel, the error, if any, was invited. *Wiese v. State*, 357 So.2d 755 (Fla.Dist.Ct.App.1978); *State v. Brown*, 310 N.C. 563, 313 S.E.2d 585 (N.C.1984); *see generally* 15 A.L.R. 4th 824, § 5 (1982).

### DENIAL OF DEFENDANT'S MOTION FOR MISTRIAL

 During Jeff Martin's testimony, on redirect, he was questioned about his reluctance to tell the police that defendant had, in fact, committed the crime. Martin testified that he was afraid of defendant and stated, "Well, he had a bad temper." Defendant's counsel moved for a mistrial which was denied. He argues on appeal that such testimony was improper under Rule 608(a), Arizona Rules of Evidence. He argues that Martin was not a character witness against him and that there was no justification for presenting this testimony.

Our courts have held that evidence of a defendant's assaults upon others can be introduced to explain the fear those witnesses had of a defendant in order to support or explain their reasons for failing to report a crime at the time it occurred. *See State v. Jeffers*, 135 Ariz. 404, 417, 661 P.2d 1105, 1118 (1983), *cert. denied,* — U.S. ——, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983); *State v. Torres*, 27 Ariz.App. 556, 559, 556 P.2d 1159, 1162 (1976).

Under the circumstances of this case, we find that the trial court did not err in refusing to grant a mistrial.

### SUFFICIENCY OF THE EVIDENCE

 Defendant argues that there was insufficient evidence to support the verdict in this case. As both parties note, a judgment of acquittal is proper only where there is no substantial evidence to warrant conviction. *State v. Hunter*, 136 Ariz. 45, 664 P.2d 195 (1983). The testimony of the state's witnesses, if believed by the jurors, was more than sufficient to establish defendant's guilt in this case. The jurors chose to believe the state's witnesses.

Judgment and sentence affirmed.

MEYERSON, P.J., and HAIRE, J., concur.