704 P.2d 261

**STATE of Arizona, Appellee,**

v.

**Florentino Santana REYES, Appellant.**

**No. 2 CA–CR 3383.**

Court of Appeals of Arizona, Division 2, Department B.

March 27, 1985.

Review Denied July 2, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and R. Wayne Ford, Phoenix, for appellee.

Edgar B. Acuna, Tucson, for appellant.

## OPINION

LIVERMORE, Judge.

Defendant, Reyes, was tried and convicted with two co-defendants, Durrette and Fernandez, of one count of attempted trafficking in stolen property involving the sale of $2,300 worth of auto parts for $900 to a police "sting" operation. He was sentenced to three years probation and appeals. We have jurisdiction under A.R.S. § 13–4033.

On November 27, 1982, Fernandez went to "Rudy's," the site of the sting operation and offered to sell the auto parts for $1,150 representing them to be stolen. On two later occasions negotiations over the price to be paid for these parts occurred at Rudy's. On each of the occasions, Fernandez was accompanied by Durrette and Reyes. Reyes assumed a leadership role in negotiating the price to be paid. The officers involved in the sting testified that each of the co-defendants indicated by word or gesture his knowledge that the parts were stolen. Reyes refused to use his truck to deliver the parts because his registration had expired. When the parts were actually delivered, one of the defendants acted as a lookout to insure against unwanted observation.

## I

 Reyes argues first that the trial court erred in giving the following instruction:

"Proof of purchase or sale of stolen property at a price substantially below its fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property was aware of the risk that it had been stolen.

You may accept or reject this legal inference based upon the totality of the evidence presented to you."

Reyes admits that this inference is contained in A.R.S. § 13–2305 but contends that there was insufficient evidence that the property was stolen because the police had been unable to find the victim. Reyes misapprehends the law. To prove property is stolen, the victim need not testify; any competent evidence will suffice. Here, the admissions of the parties coupled with the possession of $2,300 worth of auto parts by those not using them in their trade would support a finding that the parts were stolen.

 The instruction may have been inappropriate because the case was tried not on the theory that the property was stolen but instead on the theory that the defendants believed it to be stolen. Tailored to the facts of this case, the instruction would be that sale of property at a price substantially below its fair market value permits an inference that the seller was aware of the risk it was stolen. That inference, though unsanctioned by statute, is as logically probative as the one contained in A.R.S. § 13–2305. The prosecution offered to modify the instruction in this way but defendant objected. Any error on this ground, therefore, is waived. See *State v. Axley*, 132 Ariz. 383, 393, 646 P.2d 268, 278 (1982).

## II

 Defendant next contends that a mid-trial motion to sever should have been granted because counsel for one of the co-defendants introduced evidence, in an attempt to impeach a state's witness, of an unrelated criminal episode involving the co-defendants. Defendant contends that the jury might have considered the evidence against him. Defendant has waived this error. First, no objection to the introduction of the evidence was made. Allowing evidence to be introduced, and then moving for a mistrial (as the motion to sever in effect was), does not change the rule that a failure to object is a waiver. Second, the trial court offered the defendant an opportunity to present a limiting instruction, an offer that was declined. The trial court is accorded substantial discretion as to what remedial action is necessary with respect to evidence that may be misused. *State v. Garcia*, 138 Ariz. 211, 673 P.2d 955 (App. 1983). Its judgment, on the facts of this case, that a limiting instruction would suffice is not an abuse of discretion. It does not become so because defense counsel, for tactical reasons, declined to offer a limiting instruction.

## III

 Defendant argues that the trial court erred in failing to admit a transcript translation of the videotape of the transactions at Rudy's. The trial judge refused to admit the transcript as offered because it did not identify the speakers. This is well within his discretion under Rule 403, Rules of Evidence, 17A A.R.S., to exclude evidence where the substantial risk of prejudice or confusion exists. This is especially so in this case where one of the defendants objected on just this ground. In any event, the trial judge's ruling only required that the speakers be identified, a perfectly sensible requirement to make the transcript useful to the jury. Defense counsel declined to proceed in this way. There is no error.

## IV

 Defendant's final argument relates to an alleged violation of Rule 9.3, Rules of Criminal Procedure, 17 A.R.S. The judge had warned the prosecution witnesses not to discuss the case among themselves. At

**134**

a recess, one witness was seen by one of the defense counsel having a conversation with another witness. She moved for a mistrial, contending that the rule forbade any conversation. The trial judge offered her an opportunity to make a record that the witness had discussed the case. She did not do so. This ruling was plainly correct. Even if a conversation unrelated to the case violated the rule, such a conversation would call for no sanctions. It is only if the trial judge knew what the conversation was about that he could exercise his discretion as to an appropriate remedy. Counsel having declined the opportunity to provide that information may not now complain. See *State v. Roberts*, 138 Ariz. 230, 673 P.2d 974 (App.1983).

Defendant also argues that the trial court erred in limiting cross-examination about the conversation alleged to violate Rule 9.3. Violation of this rule can be admitted in impeachment. *State v. Schlaefli*, 117 Ariz. 1, 570 P.2d 772 (1977). The failure to allow the cross-examination in this case, however, was not error. First, cross-examination was allowed as to the nature of any conversation. What was not allowed was the proposed insinuation that a conversation about an unrelated matter, such as the fortunes of the Arizona football team, was a knowing violation of the court's order and thus probative of the credibility of the witness. This ruling was correct for two reasons. First, the trial judge's construction of the import of his admonition was that the witnesses were not to discuss the case among themselves. The proposed insinuation of violation, therefore, was false. Second, if conversing about Arizona football is a technical violation of Rule 9.3, exclusion of that evidence is plainly permitted under Rule 608, Rules of Evidence, 17A A.R.S. in the trial court's discretionary judgment that such evidence was not "probative of truthfulness or untruthfulness."

The judgment and sentence are affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.