NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DAVID THOMAS MELLO, *Petitioner.*

No. 1 CA-CR 23-0446 PRPC

FILED 10-31-2024

Petition for Review from the Superior Court in Mohave County
Nos. S8015CR201900146, S8015CR202000095, S8015CR202100820
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

David Thomas Mello, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Bryan Y. Furuya and Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

¶1        David Thomas Mello petitions for review from the superior court's summary dismissal of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure 32.   For the following reasons, we grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2        This matter involves three cases consolidated for PCR proceedings.  In cause number CR2019-00146 ("2019 case"), a jury convicted Mello of one count each of transportation of dangerous drugs for sale, a class 2 felony, transportation of narcotic drugs for sale, a class 2 felony, and misconduct involving weapons, a class 4 felony.  In cause number CR2020-00095 ("2020 case"), a jury convicted Mello of one count of unlawful flight from law enforcement, a class 5 felony.  In cause number CR2021-00820 ("2021 case"), a jury convicted Mello of two counts of sale of dangerous drugs, class 2 felonies.[1]   The superior court imposed concurrent and consecutive sentences, totaling 39 years' imprisonment.

¶3        The evidence at trial showed that, in the 2019 case, an officer stopped a vehicle for a traffic violation.  Mello, a passenger, admitted that the vehicle belonged to him.  The officer eventually arrested Mello, discovering heroin and large amounts of cash in his pockets.  The officer also found heroin, methamphetamine, guns, cash, and other indicia of drug sales in the vehicle's trunk.  In the 2020 case, an officer attempted to pull Mello's vehicle over based on active arrest warrants.  Instead of stopping, Mello accelerated and engaged in evasive maneuvers.  In the 2021 case, Mello sold methamphetamine to an informant on two occasions.

---

[1]     The State originally charged the 2021 case in cause number CR2019-00468.  The State dismissed and reindicted Mello for the same conduct in the listed cause number.

¶4 In Mello's 2019 and 2021 cases, counsel avowed that they found no arguable questions of law and filed briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Mello did not file *pro se* supplemental briefs. We corrected the amount of presentence incarceration credit Mello received in the 2021 case, but otherwise found no error and affirmed his convictions and sentences. *See State v. Mello*, 1 CA-CR 21-0376, 2023 WL 1831071, at *2, ¶ 8 (Ariz. App. Feb. 9, 2023); *State v. Mello*, 1 CA-CR 21-0540, 2022 WL 11584086, at *1–2, ¶¶ 7, 9 (Ariz. App. Oct. 20, 2022) (mem. decisions). In Mello's 2020 case, counsel argued the superior court erred by allowing the State to present unobjected-to warrant testimony. We found no fundamental error and affirmed his conviction and sentence. *See State v. Mello*, 1 CA-CR 21-0539, 2022 WL 4543820, at *2, ¶¶ 9–15 (Ariz. App. Sept. 29, 2022) (mem. decision).

¶5 In Mello's first petition for PCR, he argued that counsel rendered ineffective assistance by failing to adequately: (1) inform him of the plea offer and sentencing exposure after trial; (2) conduct a pretrial investigation and file a timely motion to suppress in the 2019 case; and (3) cross-examine and impeach the informant in the 2021 case. The superior court found that counsel negotiated for and informed Mello of favorable plea offers, all of which he rejected. Mello failed to show that additional, timely pretrial litigation and investigation in the 2019 case would have impacted the outcome of trial. The court also found that counsel made reasonable, strategic decisions in cross-examining and impeaching the informant in the 2021 case. The court concluded that Mello received effective assistance of counsel and summarily dismissed the petition. This petition for review followed.

## DISCUSSION

¶6 On review, Mello reasserts the claims raised below and argues the superior court abused its discretion in refusing to conduct an evidentiary hearing. We review the court's summary dismissal of a petition for PCR for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Summary dismissal is appropriate if no claim "presents a material issue of fact or law that would entitle the defendant to relief." Ariz. R. Crim. P. 32.11(a). Conversely, the petitioner is generally entitled to an evidentiary hearing if "he has alleged facts which, if true, would *probably* have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016).

¶7 To state a colorable claim of ineffective assistance of counsel, the petitioner must show that counsel's performance fell below objectively reasonable standards and counsel's deficient performance prejudiced the

defense. *Strickland v. Washington*, 466 U.S. 668, 687–92 (1984). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *Bennett*, 213 Ariz. at 567, ¶ 21. To show prejudice, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

## I. Plea Negotiations.

**¶8** As before, Mello argues he would have entered a plea agreement if counsel had given him time to review the State's plea offer, fully explained the benefits of the offer, and informed him of the sentencing exposure after trial. To show he received ineffective assistance of counsel during plea negotiations, Mello must prove that counsel "either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000).

**¶9** The State extended a consolidated plea offer that would have resolved all three cases. At a settlement conference, the parties discussed sentencing exposure, engaged in plea negotiations, and discussed the offer on the record. Mello also sent a letter to the State acknowledging the offer, characterizing it as a "life sentence" due to his age and health issues, and asking for a lesser prison sentence. Mello rejected the offer. A month before trial, the State provided a final consolidated plea offer. In emails exchanged, counsel indicated that Mello knew of the offer and feared the superior court would "max him out" under its terms, again noting his age and health issues. Counsel attempted to negotiate a more lenient offer, but the State refused and the parties proceeded to trial.

**¶10** The record shows that counsel informed Mello of the consolidated plea offer. The parties explained the potential for a lengthy aggregate prison sentence during a settlement conference. Mello had sufficient time to consider the offer, and he personally reached out to the State asking for leniency. As to the final offer, counsel attempted to negotiate a lesser prison sentence, conveyed Mello's position, and continued to seek leniency based on his age and health issues. Per counsel, Mello expressed concern about the superior court's discretion under the offer's terms, believing the court would impose the maximum sentence. Mello has not demonstrated that counsel gave erroneous advice, nor has he shown that he would have accepted the offer if given more time to consider

its terms. *See Donald*, 198 Ariz. at 414, ¶ 20 (stating defendant must show, "absent his attorney's deficient advice," there is a reasonable probability he would have accepted the plea offer and not have gone forward to trial) (quoting *People v. Curry*, 687 N.E.2d 877, 888 (Ill. 1997), *abrogated on other grounds by People v. Hale*, 996 N.E.2d 607 (Ill. 2013)). The court did not abuse its discretion in finding counsel rendered effective assistance in plea negotiations.

## II.    Pretrial Investigation and Motion to Suppress.

¶11        Mello next argues that counsel in the 2019 case failed to adequately investigate and challenge the State's theory that the vehicle involved in the traffic stop belonged to him. Without addressing specific constitutional violations, he argues that counsel's failure to timely move to suppress evidence related to the vehicle impacted the outcome of trial. "[A]lthough counsel has a duty to engage in adequate investigation of possible defenses, counsel may opt not to pursue a particular investigative path based on his or her reasoned conclusion that it would not yield useful information or is otherwise unnecessary in light of counsel's chosen trial strategy." *State v. Denz*, 232 Ariz. 441, 445, ¶ 11 (App. 2013). Moreover, a petitioner must show a reasonable probability that, had counsel filed a motion to suppress evidence, the motion would have succeeded. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

¶12        Shortly before trial in the 2019 case, counsel moved to suppress evidence based on the State's failure to preserve the vehicle involved in the traffic stop. Counsel claimed the State allowed the vehicle to be auctioned off before it could be reexamined for evidence linking the driver to the offenses. The State objected, arguing counsel did not file a timely motion and failed to show an independent examination of the vehicle would yield exculpatory evidence. The superior court heard argument on the motion, but denied it as untimely.

¶13        Counsel should have raised timely concerns regarding his ability to independently examine the vehicle. However, "[i]t is not enough to show that 'the errors had some conceivable effect on the outcome of the proceeding,' as virtually every deficient act or omission would meet that test." *State v. Miller*, 251 Ariz. 99, 104, ¶ 17 (2021) (quoting *Strickland*, 466 U.S. at 693). Mello was riding in a vehicle carrying large amounts of drugs, cash, guns, and other indicia of drug sales—a vehicle that he admitted belonged to him. When searched, Mello possessed drugs and large

amounts of cash in his pockets. Even if evidence existed linking the driver to the vehicle, such evidence would not negate Mello's role in perpetrating the offenses. Without more, Mello's conclusory assertion that an independent examination could have revealed exculpatory evidence did not entitle him to relief. *See State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999) (recognizing that a successful PCR claim must be based on "a provable reality, not mere speculation"). The court did not abuse its discretion in rejecting this claim.

### III.     Cross-Examination and Impeachment of Informant.

¶14     Finally, Mello claims that counsel failed to adequately cross-examine and impeach the informant in the 2021 case, allowing her to testify that he sexually assaulted her. Because we presume "counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, "[d]isagreements in trial strategy will not support a claim of ineffective assistance so long as the challenged conduct has some reasoned basis," *State v. Gerlaugh*, 144 Ariz. 449, 455 (1985). This is true even if counsel's strategy proved unsuccessful. *Denz*, 232 Ariz. at 444, ¶ 7. The decision whether to present impeachment evidence is strategic and will not typically support a claim for ineffective assistance of counsel. *State v. Pandeli*, 242 Ariz. 175, 182–83, ¶¶ 15, 17 (2017).

¶15     In the 2021 case, the State moved to preclude all but three of the informant's prior felony convictions, and sanitize two of the convictions involving forgery and fraudulent schemes and artifices. The superior court granted the motion in part, allowing counsel to impeach the informant with the nature of her prior felony convictions because they involved dishonest conduct. While cross-examining the informant, counsel asked if she had ever engaged in sexual intercourse with Mello. The informant answered, "I did not have a choice." Counsel then asked whether informants are allowed to have sexual relationships with suspects and the informant testified, "I didn't have a relationship. The man . . . got me when I was sleeping. Then he got me high and took advantage of me." Counsel did not object to these statements. Instead, during closing remarks, counsel argued that the informant had prior felony convictions, that she lacked credibility, and that her testimony showed she was not truthful about her interactions with Mello.

¶16     Counsel made a tactical decision to cross-examine the informant regarding her relationship with Mello, resulting in the admission of isolated, arguably improper, remarks. Instead of objecting, however, counsel used the testimony to characterize the informant's relationship with

Mello as inappropriate, underscore her history of engaging in dishonest conduct, and attack the credibility of her claims. While counsel's attempts at undermining the informant proved unsuccessful, this tactical decision was the product of reasoned strategic judgment and did not result in ineffective assistance of counsel. *See Denz*, 232 Ariz. at 444, ¶ 7.

¶17     To the extent Mello argues counsel should have impeached the informant with text messages showing they had a consensual sexual relationship, this claim similarly fails. The text messages submitted by Mello are dated nearly one year before the offenses in the 2019 case and would not disprove the informant's claim that later encounters had been nonconsensual. Introducing such evidence would also "open the door" to the remaining text messages, which showed that Mello provided drugs to the informant long before the alleged offenses. *See State v. Roberts*, 144 Ariz. 572, 576 (App. 1985) ("[W]henever part of a conversation is given in evidence by one party, the other may offer the whole conversation."). Counsel made a well-reasoned, tactical decision to keep this evidence from the jury.

¶18     Mello failed to present a material issue of fact or law entitling him to relief. *See* Ariz. R. Crim. P. 32.11(a). The superior court acted within its discretion in summarily dismissing the petition for PCR.

## CONCLUSION

¶19     For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV