562 P.2d 1368

The STATE of Arizona, Appellee,

v.

David Rabago VALDEZ, Appellant.

No. 2 CA–CR 852.

Court of Appeals of Arizona, Division 2.

Jan 4, 1977.

Rehearing Denied Feb. 28, 1977.

Review Denied March 29, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Donald Jay Natoli, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant was found guilty by a jury of possession of a narcotic drug and was sentenced to five years probation on the condition that he serve one year in the Pima County Jail. He raises three points in this appeal, none of which requires reversal.

On July 3, 1975, an officer of the Tucson Police Department was cruising in an unmarked vehicle when he observed appellant. The officer identified himself, and asked appellant for his date of birth in order to verify a warrant check made earlier that morning at the police department. The check came back affirmative in that a bench warrant had been issued for failure to pay a fine for reckless driving imposed by the Tucson City Court. The officer, along with a detective of the police department, patted down appellant and discovered a small brown sack containing a substance which later was found to be hashish.

Appellant's initial contention is that the trial court committed reversible error when it denied his motion for a new trial based upon the court's refusal to invoke Rule 9.3(a), Arizona Rules of Criminal Procedure, pursuant to defense counsel's request. While defense counsel was cross-ex-

amining one of the police officers, the state's next witness, a criminalist, entered the courtroom. At a point later in the examination, defense counsel noticed the presence of the criminalist and asked the court to invoke the rule. The court refused. Appellant claims error in that the criminalist heard the officer testify as to the usable quantity of hashish, a critical issue in the case. However, defense counsel had not asked to invoke the rule until *after* the police officer had testified that the hashish was indeed more than enough to constitute a usable amount. Following counsel's request, the officer's testimony comprised only five additional answers on cross-examination, none of which involved an element of the case. Appellant argues that under Rule 9.3(a), which has eliminated discretion in invoking the rule upon the request of either party, the failure of the court to honor his request requires reversal, even without resulting prejudice. We disagree. Even fundamental error does not require reversal where the record establishes beyond a reasonable doubt that the error is harmless. *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973). Any error is harmless here.

■ Appellant next claims that there was no evidence to support the state's contention that 1.37 grams of hashish is a usable quantity. The record, however, is replete with substantial evidence that the amount is usable. Police Officer Lowe testified that he had extensive experience as an undercover narcotics agent trained to identify hashish, and also trained in the manner in which hashish is used. Based on his experience, the officer stated that the amount would be more than sufficient to be usable, and indeed would serve for as many as seven or eight uses. The criminalist, meanwhile, testified that a much smaller amount than 1.37 grams constitutes a usable amount. We see no basis for appellant's second argument, since the jury had enough evidence before it to find that a usable amount of hashish was found on him when he was arrested and searched, and the law

does not require more. *State v. Quinones,* 105 Ariz. 380, 465 P.2d 360 (1970).

■ The last point raised by appellant is that the bench warrant issued for his arrest was invalid, thereby invalidating the subsequent search. Appellant made a motion to suppress based on the fact that the arrest warrant issued by city court for his failure to pay an imposed fine was accomplished without filing a formal complaint. He argues that under A.R.S. § 13–1422(E), a formal complaint was mandated. There is specific statutory authority to find otherwise. A.R.S. § 13–1660 states:

"A. When a defendant sentenced to pay a fine defaults in the payment thereof or of any installment, the court, upon its own motion, may require him to show cause why his default should not be treated as contumacious and may issue a summons or a warrant of arrest for his appearance. . . ."

The city court was merely exercising its statutory authority to issue a warrant for appellant's arrest for non-payment of a fine. The language of the statute gives the court the right to issue a warrant without any other formalities to secure a defendant's appearance before the court to explain why payment has not been made. Thus the warrant was properly issued, the subsequent search pursuant to the warrant was valid and the fruits of the search were admissible.

The judgment and sentence are affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.