612 P.2d 1055
**STATE of Arizona, Appellee,**

v.

**Lester Eugene ROBERTS, Appellant.**

**No. 4898.**

Supreme Court of Arizona,
In Banc.

May 19, 1980.
Rehearing Denied June 24, 1980.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, David Brauer, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

This appeal by defendant Lester Eugene Roberts challenges a conviction and sentence of seven years probation for one count of child molestation. Jurisdiction is established by 17A A.R.S., Rules of Supreme Court, Rule 47(e)(5). We reverse.

The victim of the crime was a seven year old emotionally and physically retarded girl. According to testimony, her mental development was that of a three to seven month old baby. She could not walk or talk, had no muscular control, was unable to feed herself, and had to be kept in diapers. In September of 1978, the victim lived in an apartment with her mother, two younger brothers, and Deana Rigler, a close friend of the mother, who helped care for the children. The victim's parents had been recently divorced.

A short time before Labor Day, the victim's mother was introduced to defendant by a mutual friend. Defendant immediately moved into the apartment. On Labor Day, September 4, 1978, Deana Rigler returned from a weekend trip, discovered that defendant had become a resident, and decided to move out. While Deana was telling the victim's mother of her intention to leave, Katie Jones was in Deana's room helping to pack. Katie was a sixteen year old friend of Deana and lived nearby.

According to Katie's testimony at trial, as she was carrying some of Deana's belongings out of the bedroom and through the hallway, she saw the victim lying on the couch in the livingroom. Defendant was kneeling beside her, one of his hands was inside her diaper to a point about two or three inches above his wrist, and his hand was "going up and down." It appeared to Katie that defendant's hand was in the area of the child's vagina. After being observed for about three seconds, defendant turned around and jerked his hand out of the diaper.

Deana testified that, after Katie had left, she walked from her room to the car with some of her belongings. As she passed through the livingroom, she saw defendant on the couch with the victim, and his hand was partially extended into the child's diaper at the hip. Several days later Deana called the child's father, who notified the police. Defendant testified and denied any wrongdoing. He claimed that he had often tickled the child in an attempt to occasion a response from her, and this could have been

the activity that was observed. After the jury returned a guilty verdict, defendant's sentence was suspended, and he was placed on seven years probation. At sentencing, the court noted that defendant had passed both a polygraph examination and an examination under hypnosis.

Defendant's appeal seeks our resolution of two issues:

(1) Whether the trial court erred in denying defendant's motion to invoke the rule on exclusion of witnesses; and

(2) Whether the evidence adduced at trial is sufficient to support a verdict of guilty.

## MOTION FOR EXCLUSION

During cross-examination of Katie Jones, defense counsel moved to invoke the rule on exclusion of witnesses. The court denied the motion, asserting that it was untimely and discretionary and noting that "some of the witnesses have already heard some of the witnesses, and it mitigates against the exclusionary rule."

Rule 9.3(a), Rules of Criminal Procedure, 17 A.R.S., provides:

> "Prior to or *during* any proceeding the court may, and *at the request of either party shall*, exclude prospective witnesses from the courtroom and direct them not to communicate with each other until all have testified." (Emphasis added.)

The state concedes that the judge erred in denying the motion, because the wording of Rule 9.3(a) makes exclusion mandatory upon request. We agree. The state contends, however, that the error is harmless, because defendant suffered no prejudice from the denial of the motion. It argues that any harm caused by the failure to exclude witnesses had already occurred before the motion to exclude was made, when Katie Jones underwent direct examination in the presence of other witnesses.

■ In order to warrant reversal, Arizona precedent requires that the court's failure to honor a request to exclude must result in prejudice to the defendant. *See State v. Valdez*, 115 Ariz. 1, 562 P.2d 1368 (App.1977); *cf. State v. Schlaefli*, 117 Ariz.

1, 570 P.2d 772 (1977); *State v. Navarrette*, 115 Ariz. 574, 566 P.2d 1050 (App.1977). Under some circumstances, after examining the record it is possible to conclude with assurance that a defendant was definitely not prejudiced by the failure to exclude, and reversal is inappropriate. *See, e. g., State v. Valdez, supra.* It is not always possible, however, to conclude that the failure to exclude was definitely prejudicial or definitely not prejudicial to a defendant. In such a situation of possible prejudice, we believe that a rule requiring an actual showing of prejudice works an injustice. The better approach was articulated in *Reynolds v. State*, 254 Ark. 1007, 1009, 497 S.W.2d 275, 277 (1973):

> "True it is, we recognized that there were cases in which a denial of the [exclusionary] request might not be prejudicial. But, we must presume that error is prejudicial unless its absence is shown or is manifest from the record."

■■ We hold today that failure to honor an exclusionary request is presumed prejudicial unless the absence of prejudice is clearly manifest from the record. All inferences to the contrary in such cases as *State v. Schlaefli, supra, State v. Valdez, supra,* and *State v. Navarrette, supra,* are hereby overruled. Defendant's conviction must, therefore, be reversed unless scrutiny of the record reveals that the court's denial of his motion to exclude, made after Katie Jones' direct testimony, did not prejudice him in any way.

After the motion was denied, Deana Rigler testified. Her testimony included the statements that the victim had been wearing a T-shirt, plastic pants and a diaper, and that the incident had occurred on Labor Day, September 4, the same day Katie had claimed. When the child's father later testified, he admitted telling two people, on the morning he testified and the day before, that Deana had told him that his daughter had worn no diaper and that defendant had worn undershorts on the day of the incident. He claimed, however, that he had no present recollection of Deana's description as to the clothing. He also denied having

told a police officer that the girls had observed the defendant and his daughter on succeeding days, September 4 and September 5, rather than on the same day, September 4, as they testified.

Although the victim's father was impeached as to his statement to the police officer, it is possible that his failure to cooperate hurt the defendant's case. It is also possible that the changes in the father's story came about as a result of his hearing the testimony of both Katie and Deana. Thus, it cannot be said with assurance that the court's error in refusing to exclude witnesses after Katie's testimony but prior to Deana's testimony did not prejudice defendant in any way, and defendant's conviction must be reversed.

## SUFFICIENCY OF THE EVIDENCE

Although we are reversing because of the court's error in refusing to exclude witnesses, we must also address defendant's contention that the evidence is insufficient to support his conviction. If defendant is correct, we cannot merely reverse and remand for new trial, but must remand for entry of a judgment of acquittal because of double jeopardy considerations. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *State v. Ortiz,* 120 Ariz. 384, 586 P.2d 633 (1978).

■ Initially, we note that a reviewing court does not balance the evidence to determine if it would reach the same conclusion as the trier-of-fact. *State v. Barnett,* 112 Ariz. 210, 540 P.2d 682 (1975). Rather, appellate review requires that the evidence be viewed in the light most favorable to sustaining the conviction and that all reasonable inferences be resolved in favor of the state. *State v. Acree,* 121 Ariz. 94, 588 P.2d 836 (1978). The question before us is

whether there is substantial evidence in support of the verdict. *State v. Childs,* 113 Ariz. 318, 553 P.2d 1192 (1976).

■ Child molestation under A.R.S. § 13–653 [1] requires proof beyond a reasonable doubt that the defendant touched the private parts of a child and that the touching was motivated by an unnatural or abnormal sexual interest or intent with respect to children. *See State v. Berry,* 101 Ariz. 310, 419 P.2d 337 (1966). Defendant asserts that, because Katie Jones merely saw defendant's hand beneath the diaper, there is no direct evidence that he touched the child's private parts. Moreover, he contends that if in fact he did touch the child's private parts, the record is devoid of any evidence that he was motivated to do so by an unnatural or abnormal sexual interest.

While it is true that Katie Jones did not actually observe defendant touching the private parts of the victim because of the coverage of the diaper, if the jury believed her testimony regarding the positioning and motion of defendant's hand, the jury would necessarily have had to have inferred that defendant was touching the child's private parts. Moreover, it is difficult to conceive of a jury placing an innocent construction on the acts testified to by Katie Jones. *See State v. Brooks,* 120 Ariz. 458, 586 P.2d 1270 (1978).[2] These acts, by their very nature, manifest that defendant was motivated by an unnatural or abnormal sexual interest or intent with respect to children. *See State v. Brooks, supra;* *State v. Johnson,* 120 Ariz. 21, 583 P.2d 1341 (1978).

■ Defendant correctly points out that both Katie and Deana had previously made statements inconsistent with their trial testimony and that they were impeached at trial by use of these prior statements.[3] In

1. Now, in amended form, A.R.S. § 13–1410, effective October 1, 1978.

2. As in *State v. Brooks, supra,* there is no allegation that the touching of the child was privileged by a parent-child or doctor-patient relationship, nor was it in any way authorized by the child's parents. The child's mother, in fact, testified that defendant had no authority to take care of the child at all.

3. Katie's prior inconsistent statements included assertions that: (1) the victim was sitting, rather than lying, on the couch; (2) that she didn't know if defendant saw her observing him; and (3) that defendant did not jerk his hand out of the diaper. Deana was impeached as to truth and veracity. She also made prior inconsistent

**96**

order to convict defendant, the jury had to have believed Katie Jones' basic story. Apparently, the jury considered the inconsistencies understandable in light of the suddenness and shock of the occurrence, as well as the passage of time since the incident. Since the credibility of witnesses is a question for the trier-of-fact, *e. g. State v. Pike*, 113 Ariz. 511, 557 P.2d 1068 (1976), we do not consider the evidence insufficient to support the conviction on this basis.

The judgment and sentence are reversed due to the trial court's refusal to exclude witnesses, and the case is remanded for a new trial.

STRUCKMEYER, C. J., and CAMERON, J., concur.

HOLOHAN, Vice Chief Justice, and HAYS, Justice (dissenting):

We dissent.

statements: (1) that the victim was lying on her back on top of defendant, who was on his

back; and (2) that defendant did not jerk his hand out of the victim's diaper.