IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————————

**EMMA SPRING**,
*Plaintiff/Appellant,*

*v.*

**TIMOTHY R. BRADFORD, D.C.**
*Defendant/Appellee.*

————————

No. CV-17-0068-PR
Filed October 23, 2017
**AMENDED BY ORDER FILED OCTOBER 23, 2017**

————————

Appeal from the Superior Court in Maricopa County
The Honorable David M. Talamante, Judge
No. CV2011-098170
**AFFIRMED**

Opinion of the Court of Appeals, Division One
241 Ariz. 455 (App. 2017)
**AFFIRMED IN PART, VACATED IN PART**

————————

COUNSEL:

B. Elliot Grysen (argued), Grysen & Associates, Spring Lake, MI; and Scott E. Boehm, Law Office of Scott E. Boehm, P.C., Phoenix, Attorneys for Emma Spring

Mandi J. Karvis (argued), Robin E. Burgess, Winn L. Sammons, Sanders & Parks, P.C., Phoenix, Attorneys for Timothy R. Bradford

David L. Abney, Ahwatukee Legal Office, P.C., Phoenix; John Jeffrey Bouma, Cronus Law PLLC, Phoenix; Patricia E. Ronan, Patricia E. Ronan Law, LLC, Phoenix; and Frank Verderame, Randall A. Hinsch, Plattner Verderame, P.C., Phoenix, Attorneys for Amici Curiae Plaintiff Law Firms

————————

VICE CHIEF JUSTICE PELANDER authored the opinion of the Court, in which CHIEF JUSTICE BALES and JUSTICES BRUTINEL, TIMMER, BOLICK, GOULD, and LOPEZ joined.

———————————

VICE CHIEF JUSTICE PELANDER, opinion of the Court:

¶1        Arizona Rule of Evidence 615 ("the Rule") generally provides that a trial court, at a party's request, "must order witnesses excluded so that they cannot hear other witnesses' testimony." We hold that the Rule, when invoked, prohibits a party from providing prospective trial witnesses with transcripts of prior witnesses' trial testimony. We further hold, however, that a violation of this prohibition is not presumptively prejudicial in a civil action; but even when no prejudice is shown, the trial court must take some corrective action by tailoring an appropriate remedy under the circumstances. Finally, we hold that although expert witnesses are not automatically exempt from the Rule, under Rule 615(c), a trial court must permit a witness to hear (or read) a prior witness's testimony if a party shows that such an exception is essential to that party's claim or defense.

**I.**

¶2        Emma Spring sued Timothy Bradford, D.C., for medical malpractice. Spring alleged that Bradford negligently performed a chiropractic adjustment that damaged her cervical spine.

¶3        Each party hired two expert witnesses to testify at trial. Spring retained Dr. Alan Bragman to address whether Bradford's chiropractic adjustment complied with the applicable standard of care and Dr. Daniel Lieberman to address whether that treatment caused Spring's spinal injury. Bradford hired Dr. Robert Iverson as his standard-of-care expert and Dr. Allan Hamilton as his causation expert. During pretrial discovery, both parties submitted disclosure statements relating to their respective expert witnesses as required by Arizona Rule of Civil Procedure 26.1(a)(6). In addition, Drs. Bragman, Lieberman, and Iverson were deposed.

¶4        Before any witness testified on the first day of trial, the court (with both parties' agreement) invoked the Rule excluding any prospective trial witnesses from the courtroom during other witnesses' testimony. In her case-in-chief, Spring presented expert testimony from Drs. Bragman and Lieberman.

¶5        In the defendant's case-in-chief, Bradford presented testimony from Dr. Hamilton. During cross-examination, Spring's counsel first learned that Bradford's counsel had provided Dr. Hamilton with a transcript of Dr. Lieberman's trial testimony. After Dr. Hamilton finished testifying, the trial court found that Bradford's counsel and Dr. Hamilton had violated the court's exclusion order. Before testimony resumed the

next day, Spring's counsel learned that Bradford's counsel had also provided Dr. Iverson with a transcript of Dr. Bragman's trial testimony. The trial court found that, although Bradford's counsel did not act in bad faith, Bradford's counsel and Dr. Iverson had violated the court's order.

¶6 In determining an appropriate remedy for the violations, the trial court did not presume prejudice but instead placed the burden on Spring to show actual prejudice. Finding that Spring had not established any prejudice, the court denied her requests to strike Dr. Hamilton's testimony and to preclude Dr. Iverson from testifying. Although it allowed Dr. Iverson to testify, the court indicated that Spring could request that portions of Dr. Iverson's testimony be stricken if his opinions at trial varied from those disclosed in his deposition. Spring did not identify any such variance. The trial court also indicated that if Bradford had asked, the court probably would have excepted both sides' expert witnesses from the Rule. Lastly, the trial court provided the jury with two curative instructions relating to Bradford's violations of the Rule.

¶7 The jury returned a verdict in favor of Bradford. Spring moved for a new trial based on, among other things, Bradford's violations of the Rule. The trial court denied the motion, finding that "the corrective instructions given during trial to the jury along with the opportunity for cross-examination prevented actual prejudice to Plaintiff."

¶8 The court of appeals affirmed. *Spring v. Bradford*, 241 Ariz. 455, 457 ¶ 2 (App. 2017). The court held "that, by its terms, Rule 615 does not automatically exempt expert witnesses from exclusion," but a superior court may nevertheless "exercise its discretion" under Rule 615(c) "to allow an expert witness to observe other testimony (or to review transcribed testimony)." *Id.* ¶ 1. The court reasoned that although no "blanket exemption for experts" exists, Rule 615 authorizes a trial court "to allow an exception to exclusion if a party 'shows' the witness's presence to be essential." *Id.* at 459 ¶ 13. Because "Bradford's counsel did not request that the court exercise its discretion to allow an exemption for expert witnesses," however, the court of appeals concluded that "the superior court did not err by finding that Bradford violated Rule 615 by providing trial transcripts to the defense experts without first requesting exemption from exclusion." *Id.* at 460 ¶ 16.

¶9 In considering whether the trial court erred "by declining to apply a presumption of prejudice resulting from Bradford's technical Rule 615 violations," *id.* at 461 ¶ 20, the court of appeals found no error because "a party asserting Rule 615 error in a civil case must show prejudice." *Id.* at 460 ¶ 17 (citing *Kosidlo v. Kosidlo*, 125 Ariz. 32, 35 (App. 1979), *abrogated in part on other grounds by* 125 Ariz. 18 (1979)). The court of appeals also found no error in the trial court "appropriately address[ing] the minimal scope of resulting prejudice through a jury instruction, rather than by striking the [defense] experts' testimony." *Id.* at 457 ¶ 2.

¶10    We granted review to address two recurring issues of statewide importance: (1) whether prejudice should be presumed in a civil case when a party or witness violates a court's exclusion order under Rule 615, and (2) what a party must show for the Rule 615(c) exception to apply to a witness. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶11    We review the interpretation of court rules de novo. *State v. Fitzgerald*, 232 Ariz. 208, 210 ¶ 10 (2013). But we review for abuse of discretion a trial court's choice of appropriate remedy for violation of an order excluding witnesses. *See State v. Jones*, 185 Ariz. 471, 483 (1996) (finding no abuse of discretion in trial court's refusal to strike witness's testimony or declare a mistrial for alleged violation of the Rule's parallel criminal procedure rule, Ariz. R. Crim. P. 9.3(a)). We likewise review a trial court's denial of a motion for a new trial for abuse of discretion. *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 239 Ariz. 151, 154 ¶ 10 (2016).

¶12    "We interpret court rules according to the principles of statutory construction." *State v. Aguilar*, 209 Ariz. 40, 47 ¶ 23 (2004). Under those principles, if a rule's "language is subject to only one reasonable meaning, we apply that meaning. When the language can reasonably be read more than one way, however, we may consider the [rule]'s subject matter, legislative history, and purpose, as well as the effect of different interpretations, to derive its meaning." *Bell v. Indus. Comm'n*, 236 Ariz. 478, 480 ¶ 7 (2015) (internal citation omitted). And when "interpreting Arizona's evidentiary rules, we look to federal law when our rule is identical to the corresponding federal rule." *Hernandez v. State*, 203 Ariz. 196, 198 ¶ 10 (2002).

¶13    Arizona's Rule 615, which parallels Federal Rule of Evidence 615 in all material respects, provides that "[a]t a party's request, the court *must* order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own." (emphasis added). The Rule has pre-statehood, common-law roots. *See State v. Sowards*, 99 Ariz. 22, 26 (1965). But like its federal counterpart, our Rule differs from its common-law antecedent by making the sequestration of witnesses mandatory when requested by one of the parties. *See Territory v. Dooley*, 3 Ariz. 60, 61 (1889) (describing exclusion as "solely a matter of discretion"). Of the five exceptions to Rule 615's general rule of exclusion, only one is relevant here. Under Rule 615(c), a court is not authorized to exclude "a person whose presence a party shows to be essential to presenting the party's claim or defense."

¶14    The purpose of Rule 615 is "to prevent witnesses from 'tailoring' their testimony to that of earlier witnesses and to aid in detecting testimony that is less than candid." *United States v. Ell*, 718 F.2d 291, 293 (9th Cir. 1983) (quoting *Geders v. United States*, 425 U.S. 80, 87 (1976)); *see also Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628

(4th Cir. 1996) (stating that sequestering witnesses is "one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice" (quoting 6 John H. Wigmore, *Wigmore on Evidence* § 1838, at 463 (James H. Chadbourn ed., 1976))). Excluding witnesses from trial discourages and exposes "fabrication, inaccuracy, and collusion." Fed. R. Evid. 615 advisory committee's note to 1972 proposed rules; *see also Sowards*, 99 Ariz. at 26 ("The purpose of excluding witnesses from the trial is to encourage the discovery of truth, and detection and exposure of falsehood.").

¶15    Rule 615 applies in both civil and criminal cases. *See* Ariz. R. Crim. P. 9.3 cmt. to 1989 amendment (stating that under Rule 615 "the trial court in both civil and criminal cases no longer has discretion and sequestration is a matter of right"); *cf. Allison v. Ovens*, 4 Ariz. App. 496, 501 (1966) (noting that the common-law "'rule' excluding witnesses from the courtroom during trial" applied to both criminal and civil cases), *vacated in part on other grounds*, 102 Ariz. 520, 524 (1967). And because the Rule does not differentiate between types of witnesses, it applies to both expert and fact witnesses. *See, e.g., Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 630 (6th Cir. 1978). Thus, the court of appeals correctly held that, "by its terms, Rule 615 does not automatically exempt expert witnesses from exclusion." *Spring*, 241 Ariz. at 459 ¶ 15; *see also United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002) (noting that expert witnesses are not always exempt from Rule 615's general provision even though they often may be deemed "essential" for purposes of the Rule's exception).

¶16    We agree with the courts below that defense counsel's conduct in providing the transcribed trial testimony of Spring's experts to Bradford's expert witnesses before their testimony violated the purpose and spirit, if not the express terms, of Rule 615. Although the Rule expressly only prohibits witnesses from "hear[ing] other witnesses' [trial] testimony," the Rule's purpose would be frustrated if a prospective witness were permitted to read other witnesses' trial testimony. Bradford has never argued otherwise, and federal courts have recognized that Rule 615 is violated not only when a witness is present in the courtroom and hears another witness's testimony, but also when a witness reads transcripts of another witness's testimony. *See, e.g., United States v. Jimenez*, 780 F.2d 975, 980 & n.7 (11th Cir. 1986).

## III.

¶17    The primary issue, then, is identifying which party should bear the burden of proving the existence, or absence, of prejudice from a violation of the Rule. Relying on *State v. Roberts*, 126 Ariz. 92 (1980), Spring argues that Bradford's violations create a presumption of prejudice. Like the courts below, however, we conclude that no such presumption applies here.

¶18    In *Roberts*, a criminal case, the defendant challenged his conviction on the

ground that the trial court improperly denied his "motion to invoke the rule on exclusion of witnesses" under Arizona Rule of Criminal Procedure 9.3(a).[1]  126 Ariz. at 94.  This Court held that "failure to honor an exclusionary request is presumed prejudicial unless the absence of prejudice is clearly manifest from the record."  *Id.*  We reasoned that, although it is possible in some cases to "conclude with assurance that a defendant was definitely not prejudiced by the failure to exclude," there are cases when it is not possible "to conclude that the failure to exclude was definitely prejudicial or definitely not prejudicial to a defendant."  *Id.*  In those cases of possible prejudice, we stated that "a rule requiring an actual showing of prejudice works an injustice."  *Id. But cf. Kosidlo*, 125 Ariz. at 35 (stating, pre-*Roberts*, that trial court's failure to grant a party's request in a domestic relations case to exclude witnesses under Rule 615 did "not require reversal" because the requesting party "failed to show prejudice").

¶19        Although *Roberts* spoke in broad terms, we have no reason here to revisit its holding because we find that case materially distinguishable.  Unlike in this case, the trial court in *Roberts* violated a party's right to exclude witnesses by erroneously denying the party's request to exclude and incorrectly stated that the Rule is "discretionary," 126 Ariz. at 94, whereas here the trial court properly applied the Rule, but a party and his expert witnesses violated it.  We previously noted this distinction in *State v. Perkins*, 141 Ariz. 278, 293 (1984), *overruled on other grounds by State v. Noble*, 152 Ariz. 284 (1987), in which two fact witnesses violated the trial court's exclusion order.  Despite those violations, this Court upheld the trial court's refusal to strike one offending witness's testimony and to preclude the other from testifying, "absent an abuse of discretion and evidence of prejudice to appellant's case."  *Id.* at 293–94.  We distinguished *Roberts* because it "concerns the situation in which a *court* refuses a party's request to invoke the rule, and not the situation in which the rule is invoked and then violated by a *witness*." *Id.* at 294 (emphasis added).

¶20        Thus, as in *Perkins*, the situation here "is governed not by *Roberts*," but rather by the proposition that reversal is unwarranted absent an abuse of the trial court's discretion and demonstrated prejudice to the non-violating party.  *Id.* (first citing *State v. Schlaefli*, 117 Ariz. 1, 3–4 (1977); and then citing *State v. Hadd*, 127 Ariz. 270, 277 (App. 1980)); *see also Ell*, 718 F.2d at 293-94 (distinguishing a trial court's failure to comply with Rule 615, where prejudice is presumed, from a witness's violation of a court's

---

[1]  Arizona Rule of Criminal Procedure 9.3(a) provides that "[t]he court may, and at the request of either party shall, exclude prospective witnesses from the courtroom during opening statements and the testimony of other witnesses."  The comments to this rule indicate that "Rule 9.3(a) retains the mandatory sequestration rule" set forth in Rule 615. Ariz. R. Crim. P. 9.3 cmt. to 1989 amendment.  (Current Rule 9.3 and its comments have been abrogated and replaced with a restyled, but substantively similar, Rule 9.3, effective January 1, 2018.)  The differences between Rule 9.3(a) and Rule 615 are not relevant here.

exclusionary order issued under the Rule, where "the appropriate sanction" is committed to the trial court's discretion); *United States v. Oropeza*, 564 F.2d 316, 326 (9th Cir. 1977) (concluding that trial court did not err in allowing witness to testify, despite his violation of the Rule, when "no showing of prejudice" was made); *Jones*, 185 Ariz. at 483 (stating that reversal for violation of Criminal Procedure Rule 9.3(a) is warranted only when the non-violating party "suffered prejudice").

¶21        Generally, although Rule 615 does not distinguish between types of witnesses, violations involving fact witnesses are more likely to be prejudicial than violations involving expert witnesses.   As the court of appeals observed, "[n]o presumption of prejudice is generally necessary in the context of purely expert witnesses because disclosure of their expert reports and pretrial depositions establish a basis for assessing actual prejudice in the form of altered opinions."  *Spring*, 241 Ariz. at 460 ¶ 18; *see also Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 222–24 (7th Cir. 1996) (concluding that a trial court acted within its discretion in permitting the defendant's expert witnesses to testify after they received transcripts of the plaintiff's expert witness's trial testimony because the defense experts testified to the same opinions they had expressed in their pretrial reports and depositions, and thus the plaintiff could not show prejudice).

¶22        Those observations highlight another important distinction between *Roberts* and this case.  *Roberts* involved a material fact witness changing his story after hearing the trial testimony of two other witnesses. 126 Ariz. at 94–95.  Here, in contrast, there is no indication that either of Bradford's expert witnesses materially altered their opinions based on their review of the other experts' prior testimony, or that their trial testimony varied from their prior reports or deposition.  *Cf. State v. Swillie*, 357 N.W.2d 212, 215 (Neb. 1984) (noting that in the context of a Rule 615 violation, "[p]rejudice is established where the witness'[s] testimony has changed or been influenced by what he heard from other witnesses").

¶23        To support her asserted presumption-of-prejudice standard when "deliberate or intentional misconduct" makes "ascertaining prejudice practically impossible," Spring also cites *Leavy v. Parsell*, 188 Ariz. 69 (1997).  In *Leavy*, "defense counsel engaged in deliberate, serious misconduct" by repeatedly violating the trial court's pretrial orders.  *Id.* at 70–72.  There, we ruled that "prejudice should be inferred" when a party's counsel engages in misconduct, and

> (1) the misconduct is significant, especially if the record establishes knowing, deliberate violations of rules or court orders that a litigant may confidently expect to be observed by his or her adversary; (2) the misconduct is prejudicial in nature because it involves essential and important issues, but the extent is impossible to determine in a close case; and (3) the misconduct is apparently successful in achieving its goals.

*Id.* at 73.

¶24  *Leavy* is inapposite. In that case counsel directly violated the trial court's pretrial orders three times "with malice aforethought" and improperly commented on some highly prejudicial, inadmissible evidence at least eleven times. *Id.* at 71 (internal quotation marks omitted). The conduct involved in this case is not comparable to counsel's egregious, "significant misconduct affecting the essential rights of a litigant" in *Leavy*. *Id.* at 73. Here, although Bradford's counsel knowingly and deliberately furnished the transcripts of Spring's experts' trial testimony to his own experts, the trial court determined that his actions, though violating the Rule, were not in bad faith.

¶25  In addition, this is not a case in which the extent of any prejudice from the violations "is impossible to determine." *Id.* Rather, any significant deviation between Bradford's experts' trial testimony and their prior reports and deposition testimony could have been easily established. Although the trial court gave her the opportunity, Spring made no showing that Bradford's expert witnesses changed their testimony based on their review of Spring's expert witnesses' trial testimony.

¶26  More apropos to our analysis and to providing a useful framework for considering claims of prejudice is *American Power Products, Inc.* In considering Arizona Rule of Evidence 606 and a bailiff's improper communication with deliberating jurors, we stated that "our rules charge the trial judge with deciding, based on the available evidence, whether the error likely 'affect[ed] the substantial rights of the parties' such that refusing to order a new trial would be 'inconsistent with substantial justice.'" 239 Ariz. at 155 ¶ 17 (alteration in original) (quoting Ariz. R. Civ. P. 61). We further stated that when an "improper communication creates a structural defect in the trial that deprives a litigant of an essential right, the trial judge must conclusively presume prejudice." *Id.* at 156 ¶ 17. In all other cases, however, "the moving party is not required to prove actual prejudice, but is required to demonstrate the objective likelihood of prejudice." *Id.*

¶27  Like the improper bailiff conduct at issue in *American Power Products*, a Rule 615 violation "may render it impossible to prove the extent of any prejudice," but that fact "does not warrant a presumption of prejudice and ordering a new trial in all cases." *Id.* at 155 ¶ 16. Instead, considering the Rule's purpose, the nature, scope, and willfulness of a Rule 615 violation, and the framework set forth in *American Power Products*, we conclude that a rebuttable presumption of prejudice should apply only in those limited cases in which a witness's Rule 615 violation is substantial and, as in *Roberts*, makes proving the existence of prejudice nearly impossible. Again, that is not the situation here. In all other cases, the moving party must at least prove that a witness's Rule 615 violation gave rise to an "objective likelihood of prejudice." *Id.* ¶ 17. On this record, the trial court did not err in implicitly finding that standard unmet here.

¶28      In sum, we agree with the court of appeals that the trial court "did not abuse its discretion in assessing the impact of the Rule 615 violations or in fashioning an appropriate remedy." *Spring*, 241 Ariz. at 461 ¶ 24. Spring cross-examined Bradford's experts regarding their receipt and review of her experts' prior trial testimony and was permitted to argue that point to the jury. In addition, the trial court instructed the jury with regard to Bradford's two violations of the Rule, informing the jurors that Bradford had an "affirmative duty" to abide by Arizona's court rules and "not to disclose trial testimony to anticipated witnesses prior to their testimony"; that Bradford's counsel (without knowledge of the court or Spring's counsel) breached that duty by disclosing to his experts the prior trial testimony of Spring's corresponding experts; and that in weighing the testimony of Bradford's experts, the jurors should consider that each defense expert "was presented in advance with trial testimony and expected questions of Plaintiff's counsel."

¶29      As the court of appeals observed, "[p]otential remedies for violating an exclusion order include contempt, allowing cross-examination regarding the violation, instructing the jury regarding the violation, or under the right circumstances, precluding the testimony." *Spring*, 241 Ariz. at 461 ¶ 22; *cf. Allison*, 4 Ariz. App. at 500–01 (upholding a trial court's preclusion of two material fact witnesses' testimony for violation of the common law rule of exclusion). In light of the jury instructions the trial court gave, the opportunity Spring was afforded to show that the defense experts' testimony was altered or affected by Bradford's violations of the Rule, and the lack of any demonstrated prejudice, the trial court did not abuse its discretion in denying Spring's request to strike or preclude their testimony. *Cf. Jones*, 185 Ariz. at 483 (stating that "[i]f a witness violates rule 9.3(a), the trial court has discretion when deciding whether to admit that witness's testimony"). Nor did the court abuse its discretion in denying Spring's motion for a new trial.

### IV.

¶30      We address one other point, primarily for future reference, relating to the second issue on which we granted review. As noted above, one of the exceptions to Rule 615's general exclusionary rule provides that the Rule "does not authorize excluding . . . a person whose presence a party shows to be essential to presenting the party's claim or defense." Ariz. R. Evid. 615(c). This exception "contemplates such persons as . . . an expert needed to advise counsel in the management of the litigation." Fed. R. Evid. 615 advisory committee's note to 1972 proposed rules. Generally, a trial court has discretion under Rule 615(c) in determining whether a particular witness's presence is "essential" and in permitting an expert witness to hear (or read) other witnesses' testimony. *See, e.g.*, *Malek v. Fed. Ins.*, 994 F.2d 49, 53–54 (2d Cir. 1993); *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993); *McGuire v. Caterpillar Tractor Co.*, 151 Ariz. 420, 425 (App. 1986).

¶31 Bradford argues that because expert witnesses are usually essential to the presentation of a party's medical malpractice claim or defense, they are always exempt from the rule of exclusion under Rule 615(c). Spring, on the other hand, argues that, based on Rule 615's plain language, "it is not the witness who must be essential," rather it is "his or her presence (or reading of prior testimony)." Therefore, according to Spring, "the essential nature of any witness (expert or lay) is irrelevant under Rule 615(c)."

¶32 The trial court seemingly agreed with Bradford's interpretation of Rule 615(c), noting "that had [Bradford's] counsel sought permission, the court likely would have allowed both sides' experts to review or observe trial testimony." *Spring*, 241 Ariz. at 459 ¶ 12. Similarly, the court of appeals stated that "the violations in question were not the failure to exclude a witness, but rather Bradford's counsel's failure to ask permission for an exemption" under "the essential witness exemption of Rule 615(c)," a request the trial court indicated it likely would have granted in its discretion. *Id.* at 460 ¶ 19.

¶33 To the extent the courts below suggested that in a medical malpractice case, or in any case involving expert testimony, the Rule 615(c) exception necessarily applies and should be granted merely upon a party's request, we disagree. Again, expert witnesses are not automatically exempt from the general rule of exclusion in Rule 615. *See Seschillie*, 310 F.3d at 1213. And, as the court of appeals correctly observed elsewhere in its opinion, before a trial court exempts a witness from the general rule of exclusion under Rule 615(c), the party "requesting the . . . exemption [must] make 'a fair showing' that 'the expert witness is in fact required for the management of the case.'" *Spring*, 241 Ariz. at 459 ¶ 14 (quoting *Morvant*, 570 F.2d at 630). This requirement appropriately balances Rule 615's text and the policy in favor of sequestration with a party's need to exempt from a court's exclusion order any witnesses whose presence (or reading of prior testimony) is essential to presenting the party's claim or defense.

¶34 Contrary to Bradford's assertion, the request and showing under Rule 615(c) must be made before, not after, a party engages in conduct that would otherwise violate a court's exclusion order, that is, before having a witness hear, or read, other witnesses' trial testimony. Although Bradford failed to properly or timely request an exemption for his expert witnesses under Rule 615(c), that failure does not undermine the trial court's appropriate handling of the Rule 615 issue or its fashioning a suitable remedy for Bradford's violations in this case.

¶35 Finally, although counsel must comply with orders of the court (including exclusionary orders issued under Rule 615), and trial courts should not countenance willful violation of their orders, nothing in this opinion should be construed as limiting or interfering with a party's appropriate trial preparation or strategy, including meeting with prospective trial witnesses, generally discussing their anticipated testimony, and readying them for court appearance. We trust in the good faith, sound judgment, and

professionalism of the Arizona bar in that regard.

**V.**

**¶36**    For the reasons stated above, we affirm the trial court's judgment and order denying Spring's motion for a new trial.  We vacate paragraph 19 of the court of appeals' opinion but otherwise affirm.