NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JULIO CESAR CARRIZOZA, *Appellant.*

No. 1 CA-CR 16-0709
FILED 11-21-2017

Appeal from the Superior Court in Maricopa County
No.  CR2014-001627-002
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Tempe
By Kyle Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Justice Rebecca White Berch[1] joined.

---

**M c M U R D I E**, Judge:

¶1      Julio Cesar Carrizoza appeals his convictions and sentences for felony murder, kidnapping, assisting a criminal street gang, and threatening and intimidating. Carrizoza contends the superior court erred by denying his motion for a directed verdict and by allowing the State's expert witness to remain in the courtroom during his testimony. For the following reasons, we affirm.

## FACTS[2] AND PROCEDURAL BACKGROUND

¶2      Carrizoza and E.L. were arrested together in 2006, and E.L. assisted law enforcement by providing information that resulted in Carrizoza's incarceration. While incarcerated, Carrizoza met Steven Benavidez. Carrizoza eventually learned that Benavidez also knew E.L., and after they were released, the two men began looking for E.L. In November 2012, the two men threatened and coerced two of E.L.'s friends, C.M. and R.C., to help them locate E.L. While E.L. was at C.M.'s home on Thanksgiving, R.C. alerted Benavidez that E.L. was there, and Benavidez in turn told Carrizoza. Carrizoza and Benavidez then met up at C.M.'s house, where they led E.L. to a car with Carrizoza brandishing a handgun. They went for a drive, and somewhere near Madison Avenue and 37th Street in Phoenix, Carrizoza pulled E.L. out of the vehicle and shot him multiple times, killing him.

---

[1]      The Honorable Rebecca White Berch, retired justice of the Arizona Supreme Court, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]      We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Carrizoza. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶3         A grand jury indicted Carrizoza for one count each of murder (premeditated/felony murder), kidnapping, and assisting a criminal street gang, and two counts of threatening or intimidating. At trial, Benavidez testified against Carrizoza on behalf of the State in exchange for a reduced sentence. Benavidez testified he and Carrizoza were both members of the Mexican Mafia street gang, and that Carrizoza shot E.L. multiple times on November 22, 2012. Carrizoza testified he was not a member of the Mexican Mafia, and it was Benavidez who shot E.L.

¶4         At the close of the State's case-in-chief, Carrizoza moved for judgments of acquittal, which the court denied. After considering the evidence, the jury found Carrizoza guilty on all five counts, specifically finding him guilty of felony murder on count one. Carrizoza was sentenced to concurrent prison terms of (1) natural life imprisonment on the felony murder charge; (2) 15.75 years' imprisonment on the kidnapping charge; (3) 11.25 years' imprisonment for assisting a criminal street gang; and (4) 11.25 years' imprisonment for both counts of threatening or intimidating. Carrizoza timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### A.     The Superior Court Did Not Err by Denying Carrizoza's Motion for Judgment of Acquittal.

¶5         Carrizoza first argues the evidence presented at trial was insufficient to support the counts charged for kidnapping and threatening and intimidating, and as a result the superior court erred by denying his motion for judgment of acquittal on those charges. Carrizoza contends that because insufficient evidence supported the underlying felony charges of kidnapping and threatening and intimidating, the charges of felony murder and assisting a criminal street gang should have also been acquitted by the superior court because those charges require an underlying felony.

¶6         We review the denial of a motion for judgment of acquittal for an abuse of discretion. *State v. Yegan*, 223 Ariz. 213, 220, ¶ 26 (App. 2009). A directed verdict is appropriate only if the court finds "no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). We will not reverse the superior court's denial unless "there is a complete absence of probative facts to support [the convictions]." *State v. Mathers*, 165 Ariz. 64, 66 (1990). The evidence can be either circumstantial or direct. *State v. Pena*,

209 Ariz. 503, 505, ¶ 7 (App. 2005). We find the evidence was sufficient to support the superior court's denial of Carrizoza's motion.

### 1.     Kidnapping.

**¶7**     Under § 13-1304(A)(3), "[a] person commits kidnapping by knowingly restraining another person with the intent to . . . [i]nflict death, physical injury . . . or to otherwise aid in the commission of a felony." Carrizoza claims the evidence presented at trial showed E.L. cooperated without a demonstration of force because no gun was ever pointed at him and no verbal or physical threats accompanied his leaving. While there was no evidence E.L. was physically forced to leave with Carrizoza and Benavidez, restraint can be accomplished by either physical force *or intimidation*. A.R.S. § 13-1301(2)(a). The evidence showed Carrizoza, Benavidez, and other members of the Mexican Mafia street gang surrounded E.L. when he entered the house on November 22, 2012. Benavidez testified Carrizoza told E.L. he was "going to have to take a ride," and Benavidez stated if E.L. had resisted he would have been forced to the car. Moreover, there was evidence Carrizoza was holding a handgun during this interaction, which could have further intimidated E.L. Accordingly, sufficient evidence was presented to allow the kidnapping charge to proceed to the jury. *See State v. Landrigan*, 176 Ariz. 1, 4 (1993) ("[I]f reasonable minds can differ on inferences to be drawn therefrom, the case must be submitted to the jury.").

### 2.     Threatening and Intimidating.

**¶8**     Under § 13-1202(A)(3), "[a] person commits threatening or intimidating if the person threatens or intimidates by word or conduct . . . to cause physical injury to another person . . . in order to promote, further or assist in the interests of . . . a criminal street gang." Carrizoza argues testimony from both C.M. and R.C., stating they did not feel threatened or intimidated during their interactions with Carrizoza, required the superior court to acquit him of those charges. We disagree.

**¶9**     First, Carrizoza supports his argument by selecting two of C.M.'s statements: (1) she did not believe she was a victim, and (2) she did not feel afraid when she was helping Carrizoza find E.L. However, Carrizoza ignores other statements made by C.M. throughout her testimony. C.M. also testified she felt "uncomfortable" when she was riding in the car with Carrizoza because he was holding a gun, and that she was "scared" she may "get killed or something" if she did not comply. Furthermore, the victim's subjective feelings of fear are not relevant to

4

determining whether sufficient evidence existed; the relevant question is whether a jury could objectively find the defendant intended that his words or conduct threatened or intimidated the victim. *See In re Ryan A.*, 202 Ariz. 19, 22, ¶ 10–11 (App. 2002) ("It is axiomatic that an objective test does not require a subjective analysis of the belief of the particular person to whom the threat is made."). From the evidence here, a reasonable jury could have found that Carrizoza's words and conduct threatened and intimidated the victims.

**¶10** Second, Carrizoza argues the charge related to R.C. should have been acquitted because R.C. testified he was not held against his will, and did not "do anything he did not want to do."[3] Again, Carrizoza ignores the other testimony presented at trial. When Carrizoza and Benavidez approached R.C. to help them look for E.L., R.C. testified they were both holding guns. R.C. also testified he was afraid that if he did not cooperate Carrizoza would shoot him. Therefore, a reasonable person could understand that Carrizoza's conduct was intended as a threat, and the superior court did not err by allowing the jury to consider the charge. *See In re Ryan A.*, 202 Ariz. at 22, ¶ 11.

**B.** **The Superior Court Did Not Err by Allowing the State's Expert Witness to Remain in the Courtroom During Carrizoza's Testimony.**

**¶11** Carrizoza argues the superior court erred by allowing the State's expert witness, Clint Davis, to be present in the courtroom during Carrizoza's testimony. Carrizoza argues this "allowed the expert to craft his testimony in such a manner as to attempt to harm and discredit" him, and therefore he was prejudiced. We disagree.

**¶12** Arizona Rule of Evidence 615 and Arizona Rule of Criminal Procedure 9.3(a) both mandate that the court, upon request, exclude witnesses from hearing the testimony of other witnesses. However, Rule 615 contains an exception to the rule of exclusion when a person's presence is shown to be "essential to presenting the party's claim." Ariz. R. Evid. 615(c). "Rule 615 applies in both civil and criminal cases." *Spring v. Bradford*, CV-17-0068-PR, 2017 WL 4767137, *3, ¶ 15 (Ariz. Oct. 23, 2017). The superior

---

[3] Carrizoza fails to cite any portion of the record to support this argument. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) (requiring an argument in appellate briefs to contain citations to "parts of the record relied on"). However, we will consider it on the merits.

court has discretion when determining whether an expert witness's presence is "essential" under the Rule 615(c) exception. *Spring*, 2017 WL 4767137, *6, ¶ 30. "We will reverse the trial court's decision only when the defendant shows that the trial court abused its discretion and that the defendant suffered prejudice." *State v. Jones*, 185 Ariz. 471, 483 (1996).

**¶13**        Davis provided expert testimony regarding street gangs, including the Mexican Mafia street gang, and the meaning of street gang tattoos. Before Carrizoza testified, the State requested that Davis be present in the courtroom for Carrizoza's testimony to properly form his opinion, as a rebuttal witness, on Carrizoza's gang member status. Over Carrizoza's objection, the court allowed Davis to remain in the courtroom.

**¶14**        We agree that Davis's testimony was essential to the State's claim regarding Carrizoza's gang affiliation and therefore within the exception listed in Rule 615(c). Carrizoza's gang affiliation was an essential element of count 3, assisting a criminal street gang. Carrizoza testified he was not a member of the Mexican Mafia street gang and disputed several of the opinions Davis testified to during the State's case-in-chief regarding the consequences or "political" meaning of specific gang tattoos on Carrizoza's body. The State then called Davis back to the stand on rebuttal to further opine regarding the implications and meanings of certain street gang tattoos considering Carrizoza's testimony. We find no error.

**¶15**        Even if we were to conclude Davis's presence in the courtroom during Carrizoza's testimony was improper, Carrizoza failed to establish any prejudice. *See Jones*, 185 Ariz. at 483. Davis was an expert witness, who could rely on other facts presented in the case when forming his opinion. *See* Ariz. R. Evid. 703. Therefore, it would not have been improper if he were presented with or read Carrizoza's prior testimony on rebuttal, assuming he had been excluded. Instead, the court's decision to allow Davis to remain present and listen to Carrizoza's testimony saved time by not requiring the State to provide his testimony to Davis on the stand during rebuttal. *See* Ariz. R. Evid. 611 (allows the court to control the "mode and order of examining witnesses" to "avoid wasting time"). Furthermore, Davis's testimony, both before and after he listened to Carrizoza's testimony, was consistent, and Carrizoza has not shown otherwise. *See id.* (court found no prejudice where defendant could not show any change in testimony before and after a supposed exclusion violation); *see also Spring*, 2017 WL 4767137, *5, ¶ 21 ("[N]o presumption of prejudice is generally necessary in the context of purely expert witnesses because disclosure of their expert reports and pretrial depositions establish[es] a basis for assessing actual prejudice in the form of altered

opinions."); *cf. State v. Roberts*, 126 Ariz. 92, 94–95 (1980) (a change in testimony of a fact witness after hearing two other witnesses amounted to prejudice).

## CONCLUSION

¶16        We affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA